**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

November 9, 2012

By ECF

Steven A. Zalesin
Partner
(212) 336-2110
sazalesin@pbwt.com

The Honorable Charles R. Breyer
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   **Barbara Bronson, et al., v. Johnson & Johnson and McNeil Nutritionals, LLC, No. 3:12-cv-04184-CRB**

Dear Judge Breyer:

We represent Defendants Johnson & Johnson and McNeil Nutritionals, LLC in the above-captioned matter.

This letter is to notify the Court that *Degelmann v. Advanced Medical Optics, Inc.*, 659 F.3d 835, 842 (9th Cir. 2011), was vacated on October 30, 2012. *Degelmann* was cited in Defendants' Memorandum of Points and Authorities in support of Defendants' Motion to Dismiss (Dkt. # 32). Unfortunately, because the Order vacating *Degelmann* was issued on the same day that Defendants filed their Motion to Dismiss, we were not aware of this development until after the Motion to Dismiss was filed.

The Order vacating *Degelmann* includes no discussion of the reasons why the Panel's decision was vacated. According to the docket, however, the plaintiff in *Degelmann* had requested that the Ninth Circuit review the Panel's decision *en banc*, and the parties subsequently settled the case. Copies of the Order vacating *Degelmann* and the docket are attached as Exhibits A and B.

Defendants cited *Degelmann* in their Motion to Dismiss for two propositions: (1) claims under state law are preempted if they seek to impose requirements that differ from the Federal Food, Drug, and Cosmetic Act, and (2) guidance documents and policy statements issued by the FDA may preempt state law to the same extent as statutes and regulations. Both propositions are amply supported by other precedent. *See generally* Defendants' Memorandum of Points and Authorities (Dkt. # 32) at pp. 12-13; *see also Brookhaven Cable TV, Inc. v. Kelly*, 573 F.2d 765, 768 (2d Cir. 1978) ("[W]e do not believe that the FCC's choice to proceed by means of policy statements and interpretations rather than formal regulations vitiates its attempt

5709236v.3

November 9, 2012
Page 2

to preempt."); *Reid v. Johnson & Johnson*, 2012 U.S. Dist. LEXIS 133408, at *22 (S.D. Cal. Sept. 18, 2012) ("Federal agency action short of formal notice and comment rulemaking can preempt state law[.]").

          Respectfully submitted,

          /s Steven A. Zalesin

          Steven A. Zalesin

cc:    Opposing counsel (via ECF)