1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

BARBARA BRONSON, MICHAEL
FISHMAN, AND ALVIN KUPPERMAN,

      Plaintiffs,

  v.

JOHNSON & JOHNSON, INC. AND
MCNEIL NUTRITIONALS, INC.,

      Defendants.
_____/

No. C 12-04184 CRB

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS**

18
19
20
21
22

      Before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended
Complaint.  MTD (dkt. 50).  The Second Amended Complaint ("SAC") alleges that
Defendants' product labels and marketing campaign were deceptive and misleading in
violation of California law.  Dkt. 43.  The Court GRANTS in part and DENIES in part the
Motion to Dismiss.

23

**I.     BACKGROUND**

24
25
26
27
28

      The Court takes its account of the facts from the allegations in Plaintiffs' SAC.
Plaintiffs Barbara Bronson, Michael Fishman, and Alvin Kupperman, on behalf of
themselves and others similarly situated, filed this class action food labeling suit against
Defendants Johnson & Johnson, Inc. and McNeil Nutritionals, LLC, on August 9, 2012.  See
Compl. (dkt. 1).  Following the Court's April 16 order ("Order") to grant in part and deny in
part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), see Order

(dkt. 42), Plaintiffs filed the SAC on April 26, 2013. Like the FAC, the SAC centers on three of Defendants' products: Splenda Essentials with B Vitamins, Splenda Essentials with Antioxidants, and Splenda Essentials with Fiber. See generally SAC. Plaintiffs allege that the product labeling and marketing campaign contains deceptive and misleading information. Id.

Plaintiffs challenge the marketing as misleading when viewed in its entirety. Specifically, Plaintiffs take issue with: (1) product name Splenda "Essentials"; (2) label on Splenda Essentials with B Vitamins, which includes the statement "helps support a healthy metabolism;" (3) label on Splenda Essentials with Antioxidants, which includes the statement "20% of the daily value of antioxidant vitamins C and E, like those found in fruits and vegetables" placed near a picture of berries; and (4) label on Splenda Essentials with Fiber, which includes the statements "1 gram of fiber in each packet" and "healthy fiber" placed next to a photo of fruit and whole-grain cereal. Id. Plaintiffs also allege that print and website materials for all three products contribute to the misleading and deceptive marketing. Id.

All named plaintiffs claim that they "relied heavily on the written misrepresentations" and "deceptive health claims" appearing on Splenda Essentials' labels when they chose to purchase the product. SAC ¶¶ 9-12. Further, named plaintiff Barbara Bronson alleges that, after an initial purchase of Splenda Essentials, she "reviewed claims on the Splenda website and (based upon the representations contained therein) purchased more." SAC ¶ 9. Splenda Essentials costs 25% more than regular Splenda, id. ¶ 17, and Plaintiffs purchased Splenda Essentials at full price at various grocery stores in California. Id. ¶ 8. Plaintiffs claim that they would not have purchased Splenda Essentials had they known Defendants' products were mislabeled. Id. ¶ 12. Therefore, Plaintiffs claim to have suffered harm when they paid an excessive premium for Splenda Essentials. See, e.g., id. ¶¶ 51, 59.

Based on the above alleged practices, Plaintiffs reassert the following claims originally asserted in the FAC: (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. - Unlawful Business Acts and Practices; (2) UCL, Cal. Bus. &

United States District Court
For the Northern District of California

Prof. Code § 17200 - Unfair Business Acts and Practices; (3) UCL, Cal. Bus. & Prof. Code § 17200 - Fraudulent Business Acts and Practices; (4) California's False Advertising Laws ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq. - Misleading and Deceptive Advertising; (5) FAL, Cal. Bus. & Prof. Code § 17500, et seq. - Untrue Advertising; (6) Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; and (7) Breach of Implied Warranty of Merchantability.  See generally SAC.

Pursuant to the Defendants' original MTD seeking to dismiss the FAC in its entirety or strike particular portions therein, the Court's Order dismissed portions of the FAC and granted Plaintiffs leave to amend selected claims.  See Order at 19.  Specifically, the Court granted the MTD with leave to amend as to claims regarding Defendants' website and print advertising, claims regarding the Fiber and B Vitamins products founded in a lack of substantiation theory, and claims for unjust enrichment.  Id.  The Court granted the MTD without leave to amend as to preempted claims related to the Fiber and Antioxidant products, and claims challenging Defendants' use of the term "Essentials" as misleading.  Id.  The Court denied the MTD for the non-preempted claims regarding the Antioxidant Product and the Breach of Implied Warranty of Merchantability claim.  Id.

Following Plaintiffs' filing of the SAC, Defendants filed the MTD on May 31, 2013, seeking to dismiss all claims or strike particular portions of the SAC.  Because the Court's Order granted leave to amend specific claims only, the Court frames its inquiry into the SAC with reference to the Order.

## II.   LEGAL STANDARD

Defendants seek to dismiss the SAC in its entirety or strike particular portions therein pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and 12(f).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Dismissal is proper if a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678

1    (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  When determining

2    plausibility, allegations pertaining to material facts are accepted as true for purposes of the

3    motion and construed in the light most favorable to the non-moving party.  Wyler-Summit

4    P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  If dismissal is ordered,

5    complainants should be granted leave to amend unless it is clear that the claims could not be

6    saved by amendment.  Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

7        In contrast to Rule 12(b)(6), Rule 9(b) is specific to claims alleging "circumstances

8    constituting fraud" and requires heightened particularity for a pleading to survive dismissal.

9    Fed. R. Civ. P. 9(b); Vess v. Ciba- Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir.

10   2003) (noting that claims "grounded in fraud" or said to "sound in fraud" must be pled so as

11   to "satisfy the particularity requirement of Rule 9(b)").  To comply with Rule 9(b), a plaintiff

12   must plead with particularity the time and place of the fraud, the statements made and by

13   whom, an explanation of why or how such statements were false or misleading, and the role

14   of each defendant in the alleged fraud.  KEMA, Inc. v. Koperwhats, No. C-09-1587 MMC,

15   2010 WL 3464737, at *3 (N.D. Cal. Sept. 1, 2010).  In sum, the complaint must include the

16   "who, what, when, where, and how" underlying the cause of action.  Cooper v. Pickett, 137

17   F.3d 616, 627 (1997) (internal quotations omitted).

18       Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a

19   pleading," *inter alia*, "any . . . matter" that is "immaterial" or "impertinent."  Matter is

20   "immaterial" if it "has no essential or important relationship to the [plaintiff's] claim for

21   relief," and it is "impertinent" if it "do[es] not pertain, and [is] not necessary, to the issues in

22   question."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).  The

23   "purpose" of a motion to strike is to "streamlin[e] the ultimate resolution of the action and

24   focus[] . . . attention on the real issues in the case." Fantasy, Inc. v. Fogerty, 984 F.2d 1524,

25   1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

26

27

28

## III.   DISCUSSION

Defendants move to dismiss the SAC on the grounds that (1) Plaintiffs improperly reallege claims previously dismissed by the Court without leave to amend; (2) Plaintiffs continue to lack standing to challenge Defendants' internet advertisements; (3) if standing to challenge internet advertisements is established, the relevant allegations in the SAC are insufficient to satisfy the heightened pleading standard for fraud claims under Rule 9(b); (4) Plaintiffs continue to improperly rely on lack-of-substantiation theories for claims regarding the Fiber and B Vitamins products; and (5) Plaintiffs failed to amend Unjust Enrichment claims found to be defective in the FAC.

### A.   Realleged Claims Previously Dismissed With Prejudice

Plaintiffs reallege two claims in the SAC that were previously dismissed with prejudice in the Court's Order.  First, Plaintiffs reallege that the name "Essentials" falsely implies that consumers *need* Splenda Essentials products to maintain a healthy lifestyle. SAC ¶¶ 5, 16.  Second, Plaintiffs reallege that the statement "1 gram of fiber" on the Splenda Essentials with Fiber label misleads consumers by failing to distinguish between synthetic and natural fibers within the product.  SAC ¶ 27.  Plaintiffs contend that they are required to reallege all previously dismissed claims in order to preserve a right to appeal.  Opp'n at 4 (dkt. 52).  Plaintiffs are incorrect.

Following the dismissal of claims with prejudice, litigants are not required to reallege dismissed claims in a subsequent amended complaint in order to preserve the right to appeal dismissal.  See Lacey v. Maricopa County, 693 F.3d 896, 927-28 (9th Cir. 2012) (overruling Forsythe v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997)).

Thus, this Court GRANTS the motion to dismiss with prejudice for Plaintiffs' realleged claims that were previously dismissed with prejudice.

### B.   Fiber and B-Vitamin Products

In the Order, the Court dismissed Plaintiffs' UCL, FAL and CLRA claims regarding the Fiber and B-Vitamin products.

**United States District Court**
For the Northern District of California

1   With respect to the Fiber product, the Court found that Plaintiffs' claims were pre-

2   empted by Federal law where they alleged that Defendants failed to differentiate between

3   natural fiber and synthetic fiber.  Order at 8-9.  The Court dismissed the pre-empted fiber

4   claims with prejudice.  Id.  The Court dismissed Plaintiffs' remaining fiber claims because

5   they relied on a lack-of-substantiation theory, but granted Plaintiffs leave to amend.  Id. at

6   15.  Regarding the B-Vitamin product, the Court found that Plaintiffs' claims were not pre-

7   empted, id. at 10-11, but dismissed the claims with leave to amend because they also relied

8   on a lack-of-substantiation theory.  Id. at 15.  The SAC now realleges the non-preempted

9   Fiber and B-Vitamin claims.  Because Plaintiffs' amended claims remain defective as lack-

10   of-substantiation claims, the Court GRANTS Defendants' motion to dismiss with prejudice.

11   Claims that rest on a lack of substantiation instead of provable falsehood are not

12   cognizable under the California consumer protection laws.  In re Clorox Consumer Litig.,

13   894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012) (collecting cases); Scheuerman v. Nestle

14   Healthcare Nutrition, Inc., No. 10–3684, 2012 WL 2916827, at *5 (D. N.J. July 17, 2012).

15   Instead, challenges based on a defendant's lack of substantiation are left to the Attorney

16   General and other prosecuting authorities, Nat'l Council Against Health Fraud v. King Bio

17   Pharm., Inc., 107 Cal. App. 4th 1336, 1344-45 (2003), and private plaintiffs have the burden

18   of proving that advertising is actually false or misleading.  Id. ("[P]rivate plaintiffs are not

19   authorized to demand substantiation for advertising claims.").

20   In determining whether a plaintiff has alleged a lack of substantiation claim, courts

21   look to the complaint as a whole.  See In re Clorox, 894 F. Supp. 2d at 1232.  A claim can

22   survive a lack of substantiation challenge, for example, by alleging that scientific studies

23   contradict the defendant's representations.  See, e.g., id. at 1233 (denying Defendant's MTD

24   on a lack of substantiation challenge where Plaintiffs alleged that two scientific studies

25   directly contradicted Defendant's advertising).  In contrast, a plaintiff's reliance on a lack of

26   scientific evidence or inconclusive, rather than contradictory, evidence is not sufficient to

27   state a claim.  See id.; Stanley v. Bayer Healthcare LLC, No. 11cv862–IEG(BLM), 2012 WL

28   1132920, at *6 (S.D. Cal. Apr. 3, 2012) (granting summary judgment motion where

United States District Court
For the Northern District of California

plaintiff's claims relied on inconclusive expert testimony and defendant had not substantiated its labeling).

Here, regarding the Fiber product, Plaintiffs offer two amended claims: (1) the product misleads consumers by suggesting it provides the same health benefits as natural fiber in whole foods, SAC ¶ 29; and (2) the product misleads consumers by suggesting it has the same impact on satiety as natural fiber in whole foods.  SAC ¶ 30.  Both claims are founded on an assumption that synthetic and natural fibers differ in how they impact the body.  Although this assumption may be true, Plaintiffs' claims are insufficient because they fail to cite authority suggesting that a meaningful difference exists between synthetic and natural fiber.[1]  Without evidence suggesting a differing benefit between the fiber in Splenda Essentials with Fiber and the fiber in whole foods, Plaintiffs' claims remain lack-of-substantiation claims.

Similar to Plaintiffs' claims regarding the Fiber product, Plaintiffs' amended claims regarding the B-Vitamin product remain defective.  Plaintiffs offer three amended claims: (1) the statement, "helps support a healthy metabolism," falsely implies that B Vitamin intake will support weight loss, FAC ¶ 18, 19; (2) the quantity of B Vitamins in the product is insufficient to offer any notable health benefits, Id. ¶ 21; and (3) the health benefits from the product differ from the health benefits offered by foods containing B Vitamins, Id. ¶ 21. As with the FAC, Plaintiffs offer no evidence in support of their claims.[2]  Without some evidence suggesting that B Vitamins *do not* support weight loss, Plaintiffs have failed to establish that such a representation is deceptive.  Similarly, no evidence is offered as to the

---

[1]  Plaintiffs cite to one study that compared the impact on satiety of four differing *isolated fibers* added to chocolate bars.  See SAC ¶ 30 n.26.  Because the study did not address the benefits of natural fibers and how they differ from synthetic fibers, the study does not allege facts supporting Plaintiffs' claim.  In addition, Plaintiffs allege outright that "[t]he health benefits of Splenda Essentials with fiber are different from the health benefits of foods containing fiber."  See SAC ¶ 28. But such a conclusory allegation is not sufficient to support a valid claim.  See Iqbal, 556 U.S. at 678 ("[N]aked assertions devoid of further factual enhancement" are not entitled to presumption of truth.).

[2]  Allegations 1 and 2 cite the National Institute of Health's website on B Vitamins, but the website does not address metabolism, weight loss or the quantity of B vitamins required to achieve notable health benefits.  See SAC ¶¶ 18 n. 9, 20 n.14.

1    quantity of B Vitamins that *would* provide health benefits, and no evidence is offered to

2    suggest a difference exists between the benefits from B Vitamins within foods and the

3    benefits from B Vitamins present in Splenda.

4          Because Plaintiffs rely on a lack-of-substantiation theory for the amended claims

5    against Splenda Essentials with Fiber and Splenda Essentials with B Vitamins, this Court

6    GRANTS the MTD with prejudice for the UCL, the FAL, and the CLRA claims regarding

7    those products.

8          **C.    Antioxidant Product**

9          In the Order, the Court found Plaintiffs' UCL, FAL and CLRA claims regarding the

10   antioxidant product pre-empted insomuch as they claimed that Defendants failed to

11   differentiate between natural and synthetically derived antioxidants in the product.  Order at

12   8-10.  The Court dismissed the pre-empted claims with prejudice.  Id. at 7.  As to the

13   remaining Antioxidant claims, the Court found they were not defective as lack-of-

14   substantiation claims, id. at 14, but dismissed the claims with leave to amend where they

15   relied on Defendants' web advertising.  Id. at 5.  In the SAC, Plaintiffs amended and

16   realleged the non-preempted antioxidant claims.  Defendants now challenge Plaintiffs'

17   realleged antioxidant claims on two grounds.  First, Defendants argue that Plaintiffs still lack

18   standing to challenge Defendants' online advertising.  MTD at 19-20.  Second, Defendants

19   argue that Plaintiffs' remaining antioxidant claims do not satisfy the heightened pleading

20   standard for fraud claims under Rule 9(b).  Id. 14-16.  Both of Defendants' arguments fail.

21         **1.    Standing**

22         In the Order, the Court clarified that Plaintiffs must allege reliance on the specific

23   marketing materials claimed to be misleading in order to establish standing to bring claims

24   under the UCL, FAL, or CLRA.  See Order at 4 (citing Delacruz v. Cytosport, Inc., No. C

25   11-3532 CW, 2012 WL 1215243, at *8 (N.D. Cal. Apr. 11, 2012); Kwikset Corp. v. Sup. Ct.,

26   51 Cal. 4th 310, 326 (2011); In re Ferrero Litig., 794 F. Supp. 2d 1107, 1111 (S.D. Cal.

27   2011)).  Specifically, Plaintiffs are not permitted to support a claim alleging misleading

28   product packaging with statements from marketing materials that were "never read or relied

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   upon" when purchasing the product.  Dvora v. Gen. Mills, Inc., No. CV 11-1074-

2   GW(PLAx), 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011).

3          Defendants argue that Plaintiffs failed to amend their claims to properly allege

4   reliance on Defendants' web advertising, and therefore lack standing for those claims.  MTD

5   at 19-20.  Specifically, Defendants argue that Plaintiffs amended allegations claiming

6   reliance on the Splenda website contradict Plaintiffs' prior representations to the Court.

7   MTD at 19.  Defendants' argument fails because inconsistency amongst allegations is not

8   grounds to strike or dismiss under Rules 12(b)(6), 9(b) or 12(f).

9          "[N]othing in the Federal Rules of Civil Procedure [] prevent[s] a party from filing

10  successive pleadings that make inconsistent or even contradictory allegations."  PAE Gov't

11  Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 860 (9th Cir. 2007) (reversing district court's order

12  to strike allegations from the amended complaint that were inconsistent with prior pleading);

13  see also Transit Constructors, LP v. Parsons Transp. Group, Inc., No. C-12-06159 DMR,

14  2013 WL 1191074, at *3 (N.D. Cal. Mar. 21, 2013).  So long as a party offers pleadings in

15  good faith, inconsistency is not grounds for dismissal.  PAE, 514 F.3d at 860.

16         Here, inconsistencies exist between allegations offered in the SAC and Plaintiffs'

17  prior representations to the Court, but those inconsistencies do not establish grounds to strike

18  or dismiss Plainitiffs' claims.  In the FAC, Plaintiffs failed to allege reliance on Defendants'

19  online marketing campaigns.  See Order at 4.  Further, at the hearing on the Motion To

20  Dismiss the FAC, Plaintiffs' counsel confirmed that Plaintiffs' did not rely on Defendants'

21  web advertising.  Id.  Subsequently, in the SAC, Plaintiffs allege that plaintiff Bronson did

22  rely on representations from the Splenda Essentials website when purchasing additional

23  Splenda Essentials products.  SAC ¶ 9.  Plaintiffs supported the new and inconsistent

24  allegation with a clarification that Plaintiffs' counsel had been mistaken at the hearing, see

25  Opp'n at 18, and a declaration from counsel establishing Bronson's reliance on the Splenda

26  Essentials website.  Id.  Plaintiffs' actions in amending the complaint do not suggest bad

27  faith.

28

1    Because Plaintiffs' offering of inconsistent allegations is not grounds to dismiss the

2    allegations from the SAC, Plaintiffs' representations that Bronson relied on the Splenda

3    Essentials website are sufficient to establish standing to challenge Defendants' web

4    advertisements.  Insomuch as Defendants argue that Plaintiffs' antioxidant claims fail

5    because Plaintiffs have not alleged reliance on Defendants web advertising, Defendants

6    motion is DENIED.

7                          **2.     Rule 9(b)**

8        Next, Defendants argue that Plaintiffs' remaining Antioxidant claims fail because they

9    do not satisfy the heightened pleading standards for fraud claims under Rule 9(b).

10   Specifically, Defendants allege that Plaintiffs' antioxidant claims do not sufficiently plead

11   reliance on Defendants web advertisements or on the statement, "like those found on fruits

12   and vegetables," located on the product packaging.  MTD at 19-20, 15-16.  Defendants'

13   argument fails because Plaintiffs' allegations are sufficiently pled in both instances.

14       Under Rule 9(b), claims "sounding in fraud" or alleging "circumstances constituting

15   fraud" must be pled with "heightened particularity."  Fed. R. Civ. P. 9(b); Vess, 317 F.3d at

16   1103-04.  The heightened standard requires a plaintiff to set forth the "who, what, when,

17   where and how" of the claim.  Cooper, 137 F.3d at 627.  Pleadings must "be specific enough

18   to give defendants notice of the particular misconduct . . . so that they can defend against the

19   charge and not just deny that they have done anything wrong."  Vess, 317 F.3d at 1106.  If

20   claims under the UCL, FAL, and CLRA specifically allege fraud, or allege facts that

21   constitute fraud–even if the word fraud is not used–the claims are subject to the heightened

22   standard.  See id. at 1103, 1106; Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.

23   2009) ("[W]e have specifically held that Rule 9(b)'s heightened pleading standards apply to

24   claims for violations of the CLRA and UCL.").

25       Defendants rely on Kearns to argue that Plaintiffs' claims are insufficient.  Defendants

26   contends that Plaintiffs fail to allege "which pages of the website" were reviewed, "when"

27   they were viewed, and what Bronson "interpreted those claims to mean."  MTD at 20.

28   Further, Defendants allege that Plaintiffs fail to plead specific reliance on the statement, "like

**United States District Court**
For the Northern District of California

10

United States District Court
For the Northern District of California

1  those found in fruits and vegetables." MTD at 15-16. But <u>Kearns</u> did not require such

2  specific allegations. In <u>Kearns</u>, the plaintiff pled simple exposure to a national advertising

3  campaign. 567 F.3d at 1126. The court found the pleadings insufficient because they failed

4  to "specify what the television advertisements or other sales material specifically stated" and

5  "when [the plaintiff] was exposed." <u>Id.</u> at 1126. The court in <u>Kearns</u> did not demand times

6  and dates about when the advertisements were viewed, only basic details that would give a

7  defendant the "opportunity to respond to the alleged misconduct." <u>Id.</u> The plaintiff in

8  <u>Kearns</u> was unable to satisfy even those basic requirements. Additional authority cited in

9  Defendants' Reply also fails to support Defendants' argument. <u>Cf.</u> <u>Janney v. Gen. Mills</u>, No.

10  C12-3919 PJH, 2013 WL 1962360, at *10 ("The FAC fails to identify with particularity (or

11  at all) any misrepresentations made in the online sources. The FAC does not specify what the

12  exact false or misleading statements are, why the statements are false or misleading, where

13  exactly the statements are located, or which statements plaintiffs relied on.").

14       Here, Plaintiffs sufficiently allege particular facts satisfying the heightened pleading

15  requirements under Rule 9(b). Unlike in <u>Kearns</u>, the SAC in this case attacks specific

16  representations on the Splenda Essentials website and product packaging, and identifies why

17  those representations are misleading. <u>See</u> SAC ¶¶ 23, 25. Further, the SAC alleges that

18  Plaintiff Bronson relied on the website, establishes when she viewed the website–after her

19  first purchase of Splenda Essentials products–and alleges all Plaintiffs relied on the package

20  when they purchased the antioxidant product. <u>Id.</u> ¶ 9, 10. The SAC does not allege the

21  specific date on which Bronson visited the website or purchased the antioxidant product, but

22  <u>Kearns</u> did not establish such a requirement. 567 F.3d at 1126. <u>See also</u> <u>In re Oreck Corp.</u>,

23  No. ML 12-2317 CAS (JEMx), 2012 WL 6062047, at *15 ("[I]t would be unfair to require

24  plaintiffs to recall and specify precisely which of the many advertisements they have been

25  saw [sic] were the particular advertisements they relied upon. It suffices for plaintiffs to

26  provide examples of advertisements similar to those they saw as long as all the

27  advertisements convey the core allegedly fraudulent message.").

28

1

The SAC alleges Plaintiffs reviewed the product packaging and the website, and

2

alleges reliance on the representations therein. The SAC sets forth with specificity the claims

3

that are allegedly misleading and why they are misleading. Therefore, insomuch as the MTD

4

attacks the pleadings for lack of specificity under Rule 9(b), Defendants' motion is DENIED.

5

## IV.    CONCLUSION

6

The Court GRANTS the Motion to Dismiss with prejudice for Plaintiffs' claims

7

previously dismissed with prejudice. The Court also GRANTS the Motion to Dismiss with

8

prejudice for Plaintiffs' claims regarding the Fiber and B-Vitamin products. The Court

9

DENIES the motion for Plaintiffs' remaining, non-preempted claims regarding the

10

B-Vitamin products..

11

**IT IS SO ORDERED.**

12

13

14

Dated: October 21, 2013

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

12