DRINKER BIDDLE & REATH LLP
MICHAEL J. STORTZ (SBN #139386)
Email: michael.stortz@dbr.com
50 Fremont St., 20th Floor
San Francisco, California 94105
Telephone:   (415) 591-7500
Facsimile:    (415) 591-7510

PATTERSON BELKNAP WEBB & TYLER LLP
STEVEN A. ZALESIN (admitted *pro hac vice*)
Email: sazalesin@pbwt.com
TRAVIS J. TU (admitted *pro hac vice*)
Email: tjtu@pbwt.com
JONAH M. KNOBLER (admitted *pro hac vice*)
Email: jknobler@pbwt.com
1133 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 336-2000
Facsimile:    (212) 336-2222

Attorneys for Defendants
JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BARBARA BRONSON, MICHAEL FISHMAN, and ALVIN KUPPERMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>Defendants. | Case No.  3:12-cv-04184-CRB<br><br>**ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:              Hon. Charles R. Breyer<br>Complaint Filed: August 9, 2012<br>Trial Date:        None Set |

Defendants Johnson & Johnson and McNeil Nutritionals, LLC (together "McNeil"), by and through counsel, hereby answer the Second Amended Class Action Complaint ("SAC") of Plaintiffs Barbara Bronson, Michael Fishman, and Alvin Kupperman, on behalf of themselves and a putative class of others similarly situated (collectively "Plaintiffs").

## AS TO "NATURE OF THE CASE"

1. McNeil acknowledges that this is a proposed class action on behalf of California purchasers of the Splenda® Essentials™ line of no-calorie sweeteners. McNeil otherwise denies the allegations in paragraph 1 of the SAC.[1]

2. McNeil lacks sufficient information to confirm or deny the allegations in paragraph 2 of the SAC.

3. To the extent Paragraph 3 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil admits it has used the phrase "small boost of healthy nutrients" on its website. McNeil admits that when McNeil sold the Antioxidants Product directly to consumers through its online store, the price it charged for the Antioxidants Product was at times higher, on a per-serving basis, than the price it charged for original Splenda®. McNeil otherwise denies the allegations in paragraph 3 of the SAC.

4. To the extent Paragraph 4 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil admits that it marketed the Antioxidants Product as a no-calorie sweetener that contains antioxidants. McNeil otherwise denies the allegations in paragraph 4 of the SAC.

5. To the extent Paragraph 5 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil otherwise denies the allegations in paragraph 5 of the

---

[1] The Court's Order dated October 22, 2013 (Dkt. 59) dismissed with prejudice all of Plaintiffs' claims concerning Splenda® Essentials™ 1 Gram of Fiber (the "Fiber Product") and Splenda® Essentials™ with B Vitamins (the "B Vitamins Product"). (*See* Dkt. 59 at 12.) Accordingly, the SAC's allegations concerning those two products are without legal effect, and no answer to them is required. Nonetheless, for the avoidance of doubt, McNeil globally denies all allegations in the SAC to the extent they refer to the Fiber Product and the B Vitamins Product.

1  SAC.

## AS TO "JURISDICTION AND VENUE"

6. To the extent Paragraph 6 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) The first sentence of Paragraph 6 states a legal conclusion to which no response is required. With respect to the second sentence of Paragraph 6, McNeil admits that certain conduct at issue in this lawsuit occurred within this District, but denies that such conduct was "improper," and otherwise denies the allegations in the second sentence of Paragraph 6 of the SAC.

7. To the extent Paragraph 7 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil admits that it is authorized to do business in California and that it marketed and sold the Antioxidants Product in California. Whether the exercise of this Court's jurisdiction is proper is a legal conclusion to which no response is required.

## AS TO "THE PARTIES"

8. To the extent Paragraph 8 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil otherwise lacks sufficient information to admit or deny the allegations in Paragraph 8 of the SAC.

9. To the extent Paragraph 9 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil denies that it made any "misrepresentations" in its labeling, website, or advertising. McNeil otherwise lacks sufficient information to admit or deny the allegations in Paragraph 9 of the SAC.

10. The SAC's allegations concerning the B Vitamins Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 10 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 10 of the SAC.

11. McNeil lacks sufficient information to admit or deny the allegations in Paragraph 11 concerning Plaintiffs' subjective reasons for purchase. McNeil otherwise denies the allegations in Paragraph 11 of the SAC.

12. The SAC's allegations concerning the Fiber Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 12 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 12 of the SAC.

13. To the extent Paragraph 13 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil admits that it has sold varieties of Splenda containing B vitamins, fiber, and antioxidants. McNeil otherwise denies the allegations in Paragraph 13 of the SAC.

14. To the extent Paragraph 14 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil otherwise admits the allegations in Paragraph 14 of the SAC.

**AS TO "GENERAL ALLEGATIONS:**
**DEFENDANTS' MARKETING MATERIALS CLAIM THAT SPLENDA ESSENTIALS**
**PROVIDE HEALTH BENEFITS TO CONSUMERS"**

15. To the extent Paragraph 15 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil admits that the language quoted in Paragraph 15 at one time or another has appeared on its website. McNeil otherwise denies the allegations in

Paragraph 15 of the SAC.

16. To the extent Paragraph 16 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) Furthermore, the Court has dismissed with prejudice all allegations that the name "Essentials" is deceptive, and accordingly, no answer to Paragraph 16 is required; for the avoidance of doubt, the allegations in Paragraph 16 of the SAC are denied.

17. To the extent Paragraph 17 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil admits that it sold the Antioxidants Product directly to consumers via its online store, and that when it did so, the price it charged for the Antioxidants Product was at times higher, on a per-serving basis, than the price it charged for original Splenda®. McNeil otherwise denies the allegations in Paragraph 17 of the SAC.

**AS TO "GENERAL ALLEGATIONS:
SPLENDA ESSENTIALS WITH B VITAMINS"**

18. The SAC's allegations concerning the B Vitamins Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 18 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 18 of the SAC.

19. The SAC's allegations concerning the B Vitamins Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 19 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 19 of the SAC.

20. The SAC's allegations concerning the B Vitamins Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 20 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 20 of the SAC.

21. The SAC's allegations concerning the B Vitamins Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 21 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 21 of the SAC.

22. The SAC's allegations concerning the B Vitamins Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 22 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 22 of the SAC.

## AS TO "GENERAL ALLEGATIONS: SPLENDA ESSENTIALS WITH ANTIOXIDANTS"

23. McNeil denies the allegations in Paragraph 23 of the SAC.

24. McNeil admits that the labeling of the Antioxidants Product stated that the product contains "20% of the daily value of antioxidant vitamins C and E, like those found in fruits and vegetables." McNeil admits that this statement on the label for the Antioxidants Product is not based on the presence of real fruit in the product. McNeil otherwise denies the allegations in Paragraph 24 of the SAC.

25. McNeil denies the allegations in Paragraph 25 of the SAC.

26. McNeil lacks sufficient information to admit or deny the allegations regarding the Plaintiffs' purported consumer perception study. McNeil denies that the labeling and advertising for the Antioxidants Product states or implies the messages alleged in Paragraph 26, and otherwise denies the allegations in Paragraph 26 of the SAC.

## AS TO "GENERAL ALLEGATIONS: SPLENDA ESSENTIALS WITH FIBER"

27. The SAC's allegations concerning the Fiber Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 27 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 27 of the SAC.

28. The SAC's allegations concerning the Fiber Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 28 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 28 of the SAC.

29. The SAC's allegations concerning the Fiber Product have been dismissed with prejudice, and accordingly, no answer to Paragraph 29 is required. (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 29 of the SAC.

30. The SAC's allegations concerning the Fiber Product have been dismissed with

prejudice, and accordingly, no answer to Paragraph 30 is required.  (*See* note 1, *supra*.) However, for the avoidance of doubt, McNeil denies the allegations in Paragraph 30 of the SAC.

## AS TO "CLASS ACTION ALLEGATIONS"

31. To the extent Paragraph 31 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations in Paragraph 31 of the SAC concerning those products are denied.  (*See* note 1, *supra*.)  McNeil acknowledges that this is a putative class action, and that Plaintiffs seek to represent a purported class as described in Paragraph 31 of the SAC.  McNeil denies that such a class is sufficiently ascertainable, and that certification of this putative class, or any other class, is appropriate in this action.

32. Paragraph 32 of the SAC simply defines the term "Class Members," and contains no factual allegations.  However, for the avoidance of doubt, McNeil denies that certification of the putative class, or any other class, is appropriate in this action.

33. McNeil acknowledges that this action "has been brought" as a putative class action, but denies that certification of the putative class, or any other class, is appropriate in this action.  McNeil otherwise denies the allegations in Paragraph 33 of the SAC.

34. To the extent Paragraph 34 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied.  (*See* note 1, *supra*.)  McNeil lacks sufficient information to admit or deny Plaintiffs' asserted lack of knowledge as to the size of the putative Class.  McNeil otherwise denies the allegations in Paragraph 34 of the SAC.

35. To the extent Paragraph 35 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied.  (*See* note 1, *supra*.)  McNeil otherwise denies the allegations in Paragraph 35 of the SAC.

36. To the extent Paragraph 36 of the SAC refers to the Fiber Product and/or the B Vitamins Product, those allegations have been dismissed with prejudice, and accordingly, no answer to them is required; for the avoidance of doubt, all allegations concerning those products are denied. (*See* note 1, *supra*.) McNeil lacks sufficient information to admit or deny Plaintiffs' allegation that they bought the Antioxidants Product "during the Class Period." McNeil otherwise denies the allegations in Paragraph 36 of the SAC.

37. McNeil lacks sufficient information to admit or deny the allegations in Paragraph 37 of the SAC concerning the financial resources of Plaintiffs and their counsel; the state of mind of Plaintiffs and their counsel; and the competence and experience of Plaintiffs' counsel. McNeil otherwise denies the allegations in Paragraph 37 of the SAC.

38. McNeil denies the allegations in Paragraph 38 of the SAC.

39. Paragraph 39 of the SAC states a legal conclusion to which no response is required. However, to the extent a response is required, McNeil denies the allegations in Paragraph 39 of the SAC.

40. McNeil lacks sufficient information to admit or deny the allegations in Paragraph 40 of the SAC concerning Plaintiffs' state of mind. McNeil otherwise denies the allegations in Paragraph 40 of the SAC, and denies that class certification is appropriate.

## AS TO PLAINTIFFS' FIRST CAUSE OF ACTION

41. McNeil denies the allegations in Paragraph 41 of the SAC.

42. McNeil denies the allegations in Paragraph 42 of the SAC.

43. Paragraph 43 is a purported exposition of law to which no response is required.

44. McNeil denies that "[e]ach Defendant is a corporation," on the grounds that McNeil Nutritionals, LLC is a limited-liability company. Whether any defendant is a "'person' within the meaning of the Sherman Act [sic]" is a conclusion of law to which no response is required. The remainder of Paragraph 44 of the SAC is a purported exposition of law to which no response is required.

45. McNeil denies the allegations in Paragraph 45 of the SAC.

ANSWER                                              CASE NO. 3:12-cv-04184-CRB
7
6516036v.3

46. McNeil denies the allegations in Paragraph 46 of the SAC.

47. McNeil denies the allegations in Paragraph 47 of the SAC.

48. McNeil denies the allegations in Paragraph 48 of the SAC.

49. McNeil acknowledges that Plaintiffs pray for the relief specified in the SAC. McNeil denies that the requested relief, or any relief, is authorized by law or is appropriate.

## AS TO PLAINTIFFS' SECOND CAUSE OF ACTION

50. McNeil denies the allegations in Paragraph 50 of the SAC.

51. McNeil denies the allegations in Paragraph 51 of the SAC.

52. McNeil denies the allegations in Paragraph 52 of the SAC.

53. McNeil denies the allegations in Paragraph 53 of the SAC.

54. McNeil denies the allegations in Paragraph 54 of the SAC.

55.[2] McNeil denies the allegations in the first Paragraph 55 of the SAC.

56.[3] McNeil acknowledges that Plaintiffs pray for the relief specified in the SAC. McNeil denies that the requested relief, or any relief, is authorized by law or is appropriate.

## AS TO PLAINTIFFS' THIRD CAUSE OF ACTION

55. McNeil denies the allegations in the second Paragraph 55 of the SAC.

56. McNeil denies the allegations in the second Paragraph 56 of the SAC.

57. McNeil denies the allegations in Paragraph 57 of the SAC.

58. McNeil denies the allegations in Paragraph 58 of the SAC.

59. McNeil denies the allegations in Paragraph 59 of the SAC.

60. McNeil acknowledges that Plaintiffs pray for the relief specified in the SAC. McNeil denies that the requested relief, or any relief, is authorized by law or is appropriate.

## AS TO PLAINTIFFS' FOURTH CAUSE OF ACTION

61. McNeil denies the allegations in Paragraph 61 of the SAC.

62. McNeil denies the allegations in Paragraph 62 of the SAC.

---

[2] The SAC contains two paragraphs numbered "55."

[3] The SAC contains two paragraphs numbered "56."

63. McNeil denies the allegations in Paragraph 63 of the SAC.

64. McNeil denies the allegations in Paragraph 64 of the SAC.

65. McNeil denies the allegations in Paragraph 65 of the SAC.

66. McNeil acknowledges that Plaintiffs pray for the relief specified in the SAC. McNeil denies that the requested relief, or any relief, is authorized by law or is appropriate.

## AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION

67. McNeil acknowledges that Plaintiffs purport to assert a claim under the California Consumers Legal Remedies Act ("CLRA"), but denies that Plaintiffs state a valid claim for relief under that statute.

68. McNeil denies the allegations in Paragraph 68 of the SAC.

69. Paragraph 69 of the SAC is a conclusion of law to which no response is required. To the extent any response is required, McNeil lacks sufficient information to admit or deny Plaintiffs' status as "consumers" within the meaning of the CLRA.

70. Paragraph 70 of the SAC is a conclusion of law to which no response is required.

71. McNeil denies the allegations in Paragraph 71 of the SAC.

72. McNeil denies the allegations in Paragraph 72 of the SAC.

73. McNeil admits that Plaintiffs sent McNeil a letter dated August 23, 2012 alleging certain violations of the CLRA. McNeil denies the allegations contained in that letter, and otherwise denies the allegations in Paragraph 73 of the SAC.

74. McNeil denies the allegations in Paragraph 74 of the SAC.

75. McNeil denies the allegations in Paragraph 75 of the SAC.

76. McNeil acknowledges that Plaintiffs pray for the relief specified in the SAC. McNeil denies that the requested relief, or any relief, is authorized by law or is appropriate.

## AS TO PLAINTIFFS' SIXTH CAUSE OF ACTION

77. McNeil lacks sufficient information to admit or deny Plaintiffs' allegations concerning the purchases they made. McNeil otherwise denies the allegations in Paragraph 77 of the SAC.

78. McNeil denies the allegations in Paragraph 78 of the SAC.

79. McNeil denies the allegations in Paragraph 79 of the SAC.

80. McNeil acknowledges that Plaintiffs pray for the relief specified in the SAC. McNeil denies that the requested relief, or any relief, is authorized by law or is appropriate.

## AS TO THE PRAYER FOR RELIEF

McNeil denies the allegations in Plaintiffs' Prayer for Relief; denies that Plaintiffs are entitled to the relief specified in the Prayer for Relief; and denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

McNeil sets forth below its affirmative defenses. By setting forth these affirmative defenses, McNeil does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or should be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The SAC fails to state any claim against McNeil upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

The SAC may be barred, in whole or in part, based on the doctrines of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

The SAC may be barred, in whole or in part, based on the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

(Voluntary Payment)

The SAC may be barred by the voluntary payment doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The SAC may be time-barred, in whole or in part, under applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

The SAC may be barred, in whole or in part, due to Plaintiffs' failure to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

Any injury or damage suffered by Plaintiffs or any member of the putative class, if there were any, would be adequately compensated in an action at law for damages.

**EIGHTH AFFIRMATIVE DEFENSE**

(First Amendment)

The SAC may be barred, in whole or in part, by the First Amendment of the United States Constitution and the cognate rights of free speech protected by the California Constitution and/or other state constitutions.

**NINTH AFFIRMATIVE DEFENSE**

(Safe Harbor)

McNeil's business practices are authorized by law, and therefore immunized from attack under California's safe-harbor doctrine.

**TENTH AFFIRMATIVE DEFENSE**

(Due Process)

The SAC may be barred, in whole or in part, by the Due Process Clause of the United States Constitution, and/or by cognate provisions of the California Constitution and/or other state constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Preemption)

The SAC may be barred, in whole or in part, by the doctrine of federal preemption,

including but not necessarily limited to preemption by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

## TWELFTH AFFIRMATIVE DEFENSE

(Puffery)

The SAC may be barred, in whole or in part, to the extent McNeil's statements constituted non-actionable puffing.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Privity)

The SAC may be barred, in whole or in part, due to lack of privity between Plaintiffs and McNeil.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Notice)

The SAC may be barred, in whole or in part, due to Plaintiffs' failure to provide McNeil with timely notice of their claims, including any alleged breach of warranty.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

McNeil is informed and believes and on such basis alleges that it may have additional defenses available which are not fully known of and of which McNeil is not presently aware. McNeil reserves the right to raise and assert additional defenses after such defenses have been ascertained.

**WHEREFORE**, McNeil respectfully requests that this Court:

A.  Enter Judgment that this suit cannot be maintained as a class action;

B.  Enter Judgment in McNeil's favor on all counts of the SAC and/or dismiss the SAC in its entirety;

C.  Award McNeil its costs and expenses, including reasonable attorney's fees, incurred in defending itself from these claims; and

D.  Award McNeil such other relief as this Court deems just and proper.

For the reasons stated above and in our opening brief, the SAC should be dismissed with prejudice.

Dated:  November 8, 2013                    DRINKER BIDDLE & REATH LLP

PATTERSON BELKNAP WEBB & TYLER LLP

/s/ Michael J. Stortz
Michael J. Stortz

*Attorneys for Defendants*
JOHNSON & JOHNSON and
MCNEIL NUTRITIONALS, LLC