```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3  Before The Honorable Joseph C. Spero, Magistrate Judge
 4
 5  BRONSON,                        )
                                    )
 6          Plaintiff,              )
                                    )
 7  vs.                             )   No. C 12-04184-CRB
                                    )
 8  JOHNSON & JOHNSON, INC.,        )
                                    )
 9          Defendant.              )
                                    )
10  _____)
11                                      San Francisco, California
                                        Friday, October 10, 2014
12
13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
               RECORDING 10:12 - 10:22 = 10 MINUTES
14
15  APPEARANCES:
16  For the Plaintiff:
                                    Bramson, Plutzik, Mahler
17                                    & Birkhaeuser, LLP
                                    2125 Oak Grove Road
18                                  Suite 120
                                    Walnut Creek, California 94598
19                              BY: JOSHUA D. BOXER, ESQ.
20  For Defendant:
                                    Patterson, Belknap, Webb
21                                    & Tyler, LLP
                                    1133 Avenue of the Americas
22                                  New York, New York 10036
                                BY: JONAH M. KNOBLER, ESQ.
23                              BY: TRAVIS J. TU, ESQ.
24
25
```

*Echo Reporting, Inc.*

2

1  Transcribed by:            Echo Reporting, Inc.
                              Contracted Court Reporter/
2                             Transcriber
                              echoreporting@yahoo.com
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
                                                                    3
 1  Friday, October 10, 2014                                10:12 a.m.
 2                     P-R-O-C-E-E-D-I-N-G-S
 3                           --oOo--
 4           THE COURT:  We're calling case number 12-4184.
 5      Could I have appearances starting in the courtroom,
 6  please.
 7           MR. BOXER:  Joshua Boxer for the Plaintiffs'.
 8           THE COURT:  And on the phone, please?
 9           MR. KNOBLER (Telephonic):  Good afternoon, your
10  Honor.  This is Jonah Knobler, K-N-O-B-L-E-R, for the
11  Defendants'.
12           THE COURT:  Okay.  Welcome.
13      Can you all hear me on the phone?
14           MR. TU (Telephonic):  Yes.  And in addition to Mr.
15  Knobler, you have Travis Tu, your Honor.
16           THE COURT:  All right, thank you.
17      So, we're -- we've got a little bit of a technical
18  difficulty, so we've got sort of a chewing gum and spit
19  thing going here to try to hold it together, but hopefully
20  this will all work.  And we're recording it on the
21  electronic recording, so make sure that you speak up and say
22  your name when you speak so that the recording will identify
23  who it is.  And spell your name if it has an unusual
24  spelling, or some word has an unusual spelling.  Actually,
25  we've got all of your names, so that shouldn't be a problem.
```

                                                                4

1     So this is a continuation of the little discussion you
2 had with Judge Breyer.  And the first issue is, he didn't
3 schedule the class certification schedule, so I'm going to
4 adopt the Defendants' proposal, that's how we're going to do
5 it.
6     As far as -- I'm not going to set a hearing date, so
7 the hearing date will be -- to be determined by Judge
8 Breyer.  Because I don't know what his calendar is, or
9 whether he's in town the week you have down, or whether
10 that's the date he wants.  But I thoroughly, firmly, believe
11 in -- except with respect to expert reports, in having class
12 discovery done before the motion is filed.
13          MR. BOXER:  Your Honor, may I be heard on the
14 timing of -- I think we were in accord originally, as to the
15 date of Plaintiffs' motion for class certification, in light
16 of the fact that at this point we haven't received all of
17 Defendant's discovery responses, we haven't yet had the
18 opportunity to conduct a 30(b)6 depo, we still don't know
19 when discovery may be completed, that at this point the date
20 that I think we had agreed upon, January 26th, is a little
21 ambitious.  It's more than ambitious at this point.
22          THE COURT:  It's not ambitious at all, and we're
23 not going to change the date.
24     Now, the second question I have is were you -- is he
25 right that this is now a $50,000 case?

*Echo Reporting, Inc.*

5

```
 1            MR. BOXER:  Are the Defendants' right?
 2            THE COURT:  Yes.
 3            MR. BOXER:  No, your Honor.  No.
 4            THE COURT:  What damages -- what's at issue?
 5  There's no injunctive relief at issue, right?
 6            MR. BOXER:  There's no injunctive relief at this
 7  point.
 8            THE COURT:  Okay.  So there's only -- meaning the
 9  judge has dismissed it?
10            MR. BOXER:  That's correct.
11            THE COURT:  Okay.  So how much is the outside
12  damages the class can obtain?  What's the total maximum
13  amount?
14            MR. BOXER:  Defendants' have represented --
15  Defendants' counsel have represented that the total sales
16  were, I believe, $250,000 in the state of California during
17  the applicable period of time.
18            THE COURT:  Okay.  And -- but you can't recover
19  the entire $250,000?
20            MR. BOXER:  There's some dispute as to that, your
21  Honor.  We don't know -- there's some dispute.  But at the
22  other side, it's $250,000.
23            THE COURT:  Well it's some fraction of $250,000,
24  not all -- not everyone bought all $250,000 worth of that,
25  because on the back of it it said something about
```

6

1 antioxidants, or Vitamin C, or something, right?
2     MR. BOXER: I think that's the Defendants'
3 position and there's a body of case law to support that
4 analysis, your Honor.
5     THE COURT: Okay. So my question is this, what
6 are we doing here?
7     MR. BOXER: I have that same question, your Honor,
8 because at this point we would like to settle the case.
9 Both sides have represented that they would like to
10 participate in the Local Rule 6 (indiscernible) process.
11     THE COURT: Yes, okay.
12     MR. BOXER: We'd like to get that going before we
13 spend a lot of money on a class certification.
14     THE COURT: And Judge -- did you raise this -- you
15 raised it in your statement to Judge Breyer, but did he --
16 did he address at in his -- your discussion with him?
17     MR. BOXER: He didn't. He indicated that your
18 Honor would be handling all of those matters.
19     THE COURT: Oh, fabulous. So on that mediation
20 issue, which I take it was -- the request was, as I recall,
21 the court's mediation program, is that also the Defendants'
22 desire?
23     MR. Tu: Your Honor, this is Mr. Tu for
24 Defendants'. We would be willing to engage in mediation. I
25 have to say that my discussions with Mr. Boxer so far have

been very very far apart, but we're open to any means that might bridge that gap.

THE COURT: Well, okay. Well let me help you with that. I'm not going to shift costs yet. I think that -- I understand the argument, but the way we deal with proportionality in the first instance, is always by making sure that the plaintiff only can make the defendant do things that are proportionate to what the case is worth.

And so if you want to talk about scope of discovery and that sort of thing with each other, I'm happy to have you do that. I'm not going to give some blanket costs shifting because that has lots of perverse side effects that I'm not going to get into at the moment.

I will, however, be willing if someone can convince me later, to talk about it. So if it turns out that some disproportionate amount was forced to be expended, or some misconduct, or other things that might justify a cost shifting, I'm willing to consider that later, but I'm not going to have some blanket cost shifting just to start with, based on the fact that it's not a very cost efficient litigation. It's not the test for whether you shift costs.

We have lots of cases around here where people spend a great deal of money and get damages awards of ten or $20,000, and attorney's fees awards of $500,000. I don't -- I'm not going to start by saying everything is shifted

8

1  50/50.  For one thing, that changes all sorts of incentives
2  that I think will make the court be less efficient.  So the
3  request to have cost shifting is denied without prejudice.
4       It doesn't make any sense for anybody to be litigating
5  in this case very far.  I think by the -- Defendants' have
6  already spent an extraordinary amount of money on this case.
7  The Plaintiffs' likely recovery is extraordinarily small
8  relative to what's going on here, and you all should reach
9  some accommodation on it.  I don't -- it is -- this is a
10 product that is no longer on the market.  It was on the
11 market for a very short period of time.  The sales were
12 extremely limited and you should be trying to figure out a
13 way to resolve it.
14      So I'll order you to mediation.  Mediation will occur
15 within --
16           MR. BOXER:  Do you need a suggestion on that, your
17 Honor?
18           THE COURT:  Yes.
19           MR. BOXER:  Given that, as your Honor indicated,
20 this class certification motion will be filed the end of
21 January, if we're going to settle this case we'd like to do
22 so relatively quickly before the parties retain experts,
23 engage in additional discovery, and brief up the class
24 certifications issues.
25           THE COURT:  Well the expert reports are due with

```
                                                                  9
 1  the briefs, right?
 2          MR. BOXER:  Right.
 3          THE COURT:  So let's have the mediation occur
 4  within the next 60 days.  I don't think we can get somebody
 5  in less than 60 days.  If you guys want to hire someone,
 6  that's fine.  Then you can get -- maybe you can get
 7  somebody, but my guess is the good people are going to be
 8  out more than 60 days.  So why don't you go to a mediator --
 9  the order should say it must happen within 60 days so that
10  they'll note that it's important.  And what they'll do is
11  they'll call you and set something up and then you'll go
12  ahead.
13      And then just come back to me if there's any further --
14  there shouldn't be -- discovery fights.  I mean, let's be
15  temperate about this litigation.  It's going to cost more
16  than it's worth from both sides perspective, almost no
17  matter what.  So let's be somewhat temperate about
18  litigating.
19      Anything else anyone wants to talk about?
20          MR. BOXER:  No, your Honor, given your rulings
21  regarding the deadlines for class certification and
22  discovery close.  I think that wraps it up for Plaintiffs'
23  side, your Honor.
24      We -- like I said -- given the fact that we haven't
25  received all the Defendants' responses yet, I hate to have
```

10

1 to come back in front of your Honor and ask for additional
2 time on both class certification and discovery --
3        THE COURT:  There will be no additional time.  So
4 I want everyone to work this thing out.  I expect complete
5 cooperation from both sides.  I don't -- if I get the
6 slightest whiff of someone -- obviously I will take -- deal
7 with that very harshly.  On the other hand, if I get the
8 slightest whiff of overreaching, I will seriously consider
9 shifting the costs of discovery, and I know in
10 (indiscernible) they'll be born solely by counsel.  So -- in
11 this particular instance, given the financial situation of
12 the clients.
13      So it's in everyone's interest to get along
14 cooperatively.  At the drop of a hat, if you're not getting
15 along, I will make you sit in my jury room for days on end,
16 staring at each other in the face, until you work it out.
17 So let's get this done.  This is not rocket science here.
18 It is not a $10,000,000 case.  It is not Apple versus
19 Samsung.  Let's get it done.
20      Thank you all.
21        MR. BOXER:  Thank you, your Honor.
22        MR. TU:  Thank you, your Honor.
23      (Proceedings adjourned at 10:22 a.m.)
24
25

11

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Tuesday, November 18, 2014